UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:25-CV-81406-DMM

REBEL A. COLE,

       *Plaintiff*,

v.

ADAM HASNER, individually and in his official capacity as President of Florida Atlantic University; RUSS IVY, individually and in his official capacity as Interim Provost of Florida Atlantic University; STEPHEN ENGLE, individually and in his official capacity as Associate Provost, Academic Personnel of Florida Atlantic University; ANITA PENNATHUR, individually and in her official capacity as Chair of the Department of Finance of Florida Atlantic University; DONALD NEUBAUM, individually; and CHEE OSTINELLI, individually,

       *Defendants*.

**[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER**

      Before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff raises issues of free speech and Defendants' actions against him due to that speech. Because the Court finds that Plaintiff has met his burden to demonstrate (1) likelihood of success on the merits, (2) irreparable harm if emergency action is not taken, and (3) the balance of public interest and of equities favors the relief

requested, Plaintiff's Motion for Temporary Restraining Order is GRANTED as noted below.

## FINDINGS OF FACT

Based on the Verified Complaint and the attachments thereto, the Court finds as follows:

Dr. Rebel A. Cole is the Lynn Eminent Scholar Chaired Professor of Finance in Florida Atlantic University's College of Business. Compl. ¶ 4. On September 15, 2025, he was suspended and barred from campus and all university-sponsored events because of his personal social media posts on matters of public concern. *Id*. ¶ 28, Ex. A. That action was initiated and approved by Defendants Russ Ivy (Provost), Adam Haner (President), Stephen Engle (Associate Provost), Anita Pennathur (Chair, Department of Finance), Donald Neubaum (Associate Dean for Faculty and Administration), and Chee Ostinelli (Assist Vice-President, Human Resources). *Id*. ¶ 5-10, 47.

On November 10, 2025, Defendant Anita Pennathur emailed Dr. Cole stating he was not permitted on campus or to participate in any university-sponsored events, including the Boca Finance and Real Estate Conference on November 13–14, 2025, which Dr. Cole helped organize. *Id*. ¶ 41, Ex. D. Defendants claim that Dr. Cole violated various university policies but to date, they have provided no facts showing his personal, non-job-related speech violated any such policy—let alone created disruption to university operations or safety concerns on campus. *Id*. ¶ 30-35.

Defendants' actions, taken under the color of state law, penalize and restrict Dr. Cole's constitutionally protected speech. By barring him from campus or attending an event

2

he helped organize as part of his official duties, Defendants continue to unlawfully punish and restrict Dr. Cole's speech. This past Monday, Defendant Pennathur reiterated that Dr. Cole is prohibited from being on campus or attending the conference he helped organize that is due to take place on Thursday and Friday, November 13–14, 2025. *Id.* ¶¶ 41, 47-50, Ex. D. Immediate injunctive relief is necessary to prevent further irreparable First Amendment harm and to allow Dr. Cole to attend and participate in the conference.

## CONCLUSIONS OF LAW

Plaintiff has satisfied the elements for temporary relief. An immediate Temporary Restraining Order is justified here due to the ongoing imminent harm to Plaintiff by Defendants preventing him from attending a professional conference he helped organize taking place on Defendants' campus on November 13-14, 2025.

Plaintiff's speech is protected under the Supreme Court's balancing test set out in *Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Illinois*, 391 U.S. 563 (1968) and *Connick v. Myers*, 461 U.S. 138 (1983). Plaintiff's speech was on his personal social media, made off the job, did not represent the university, and addressed matters of public concern. Plaintiff's interest in his private speech outweigh any asserted interest by Defendants under the facts currently before the Court.

Infringement on Plaintiff's right to free speech creates irreparable harm. *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1271–72 (11th Cir. 2006). Based on the allegations in the Verified Complaint, injunctive relief is warranted.

Finally, the balance of interests of the parties and the public interests favor injunctive relief here. There is no information to justify keeping Plaintiff away from a professional

conference on an open campus and Plaintiff's private social media posts certainly do not justify that action on the record here.

Accordingly, it is ORDERED:

1. Plaintiff's Motion for Temporary Restraining Order is GRANTED. Defendants, including any agents, employees, attorneys, and those in active concert or participation with them are enjoined from enforcing Plaintiff's suspension-based campus and event bans to the extent they prohibit Plaintiff from entering FAU property and attending or participating in FAU-sponsored events, including the Boca Finance and Real Estate Conference on November 13–14, 2025. Defendants are directed to permit Plaintiff's attendance and participation in that conference. Further, Defendants are prohibited from taking any retaliatory or adverse action based on his attendance and participation.

2. This matter is set for a hearing on _____, 2025, at _____.

3. Bond is waived. Federal Rule of Civil Procedure 65(c); *see City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. 1981) (public-interest litigation represents recognized exception to Rule 65 bond requirement).

4. The TRO shall remain in place pending the hearing or further order of the Court.

5. Plaintiff shall provide service of this Order on the General Counsel of Florida Atlantic University who shall promptly notify Defendants and other necessary personnel so the provisions of this Order may be given full effect.

Done this ___ day of November, 2025, at ___ _.m. in Chambers in West Palm Beach, Florida.

                                                                               _____

Donald M. Middlebrooks
UNITED STATES DISTRICT COURT JUDGE